UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| HARRY LOUIS GREEN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 1:17-cv-266-PLR-SKL |
| | ) |
| LARA WILLIAM, *et al.*, | ) |
| | ) |
| | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter was filed *pro se* by Harry Louis Green ("Mr. Green").[1] Mr. Green has filed an application to proceed *in forma pauperis* [Doc. 1], a complaint [Doc. 2], and two supplements to his complaint [Docs. 3 & 4] that are lengthy, disjointed, and confusing. Mr. Green appears to be attempting to sue more than 35 attorneys, financial institutions, trustees, companies, government departments, and others, including police and sheriff's departments in Georgia, Missouri, and Illinois and judicial divisions in Illinois and Missouri, who handled his and his wife's bankruptcy proceedings or were involved in debt collection efforts (collectively, "Defendants"), on a multitude of purported grounds. It is also possible that Mr. Green may instead be attempting to appeal decisions of the United States Bankruptcy Court for the Eastern

---

[1] On the first page of his complaint, along with himself, Mr. Green has listed United States of America and the United States Attorney General as plaintiffs [Doc. 2 at Page ID #13]. Further, on the first page of the first supplement [Doc. 3] he titles himself as "Relator" and in addition to the United States of America and United States Attorney General, he names United States Justice Department and N.A.A.C.P., Notice Department" ("only") as plaintiffs [Doc. 3, Page ID # 58]. Mr. Green previously attempted to assert similar claims in another action filed in this district which currently has a pending Report and Recommendation for denial of Mr. Green's IFP application and dismissal of his complaint for failure to state a claim. *See Green v. Knight, et al.*, 1:17- cv-227-PLR-SKL, Doc. 4.

District of Tennessee ("Bankruptcy Court") on the same grounds or attempting to remove a proceeding from the Bankruptcy Court to this Court.

On September 28, 2017, Mr. Green filed two purported supplements to his complaint, apparently to name even more parties, including U.S. Bankruptcy Judge Shelley Rucker [Doc. 3 at Page ID # 58]. Mr. Green alleges that various Defendants were involved in the unlawful seizure, sale, and destruction of a motor home, cash, personal property, and unlawful seizure of business property. Mr. Green also references allegations concerning an estate and alleged wrongdoing in connection with proceedings before the Bankruptcy Court, and he titled a supplement as being a "Qui Tam" and "INJUNCTION AND RELIEF MALICIOUS PROSECUTION MONETARY JUDGMENT." [Doc. 3, Page ID # 58]. Among other demands, Mr. Green requests an injunction, an automatic stay, and removal.

Mr. Green's rambling allegations mention violations of the United States Constitution, the Hobbs Act via extortion and bribery by public officials, the Racketeer Influenced and Corrupt Organizations Act, misconduct, conspiracy and racial discrimination by a judicial officer, trustee, and attorney, unlawful destruction, alteration, or falsification of record in violation of 18 U.S.C. § 1519, malicious prosecution, violation of 18 U.S.C. § 152 concealment of assets, conflict of interest, breach of fiduciary duty, and violations of fair debt collection practices 15 U.S.C. 1692 & 806. Mr. Green further asserts that the District Courts and Article III judges have "exclusive jurisdiction" over Bankruptcy cases and further reserves the right for "Supreme Court Review on Appeals of Lower Court." [Doc. 2, Page ID #24, 30].

Mr. Green's filings include disjointed documentation regarding a traffic stop, arrest, and seizure of property, cash and money orders of non-party Cynthia M. Crawford Green in Jefferson City, Missouri on fugitive warrants from Madison County, Illinois and Franklin County,

Tennessee. Though the allegations are hazy and convoluted, it appears that Mr. Green is asserting claims that somehow relate back to his bankruptcy proceedings and various collection proceedings. Yet, he failed to include a statement of the nature of any attempted appeal of a decision of the Bankruptcy Court.

A litigant may commence a civil action in federal court *in forma pauperis* ("IFP"), *i.e.*, without paying the administrative costs of the lawsuit, when the litigant demonstrates he is unable to pay court costs and fees. 28 U.S.C. § 1915(a). A district court may, however, dismiss such a complaint if it is frivolous or it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *see Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The Court does not need to reach the question of whether Mr. Green is indigent in this case, however, because this action should be dismissed or the reasons explained herein.

*Pro se* litigants are given some leniency with regard to pleading standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, that leniency is not "boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The Federal Rules of Civil Procedure provide, in relevant part, that a pleading that states a claim for relief must contain "*a short and plain statement of the claim showing that the pleader is entitled to relief* [.]" Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not require a plaintiff to set forth detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give each "defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 556, n.3. Likewise, "*pro se* litigants are not relieved of the duty to develop claims with an

appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A*, 161 F. App'x 487, 491 (6th Cir. 2005) (dismissing case where plaintiffs raised dozens of claims that were lacking in both supportive factual allegations and directed legal arguments).

Mr. Green's complaint and supplements total approximately 192 pages that fail to discernably assert a plain statement of facts that show he is entitled to relief. The filings present a disorganized narrative of irrelevant topics such as criminal proceedings in Missouri involving a non-party, copies of bankruptcy filings, internet articles, vehicle titles, bank statements, and a rambling narrative of proceedings before the Bankruptcy Court. Any relevant facts are "confusing, ambiguous, redundant, vague, and in some respects, unintelligible." *Wallach v. City of Pagedale, Mo.*, Mo., 359 F.2d 57, 58 (8th Cir. 1966) (affirming dismissal of *pro se* complaint). "A complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material does not meet [Rule 8's] pleading requirements, even when [the materials] are liberally construed in a *pro se* litigant's favor." *Adams v. Dep't of Treasury*, No. 13-1967(RJL), 2014 WL 114687, at *1 (D.D.C. Jan. 13, 2014). As such, Mr. Green has not complied with the pleadings standards required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a).

The pleading rules are not an arbitrary barrier to substantive relief. They are intended to give adverse parties fair notice of asserted claims and their factual basis. *Twombly*, 550 U.S. at 544. Further, the rules serve to "sharpen the issues to be litigated and confine discovery and the presentation of evidence" within reasonable bounds. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Mr. Green's sprawling complaint and purported supplements fall woefully short of this mark.

Accordingly, I **RECOMMEND**[2] that Mr. Green's IFP Application [Doc. 1] be **DENIED**, and I further **RECOMMEND** that Mr. Green's claims be **DISMISSED** for lack of specificity under Federal Rule of Civil Procedure 8(a). *See Kafele*, 161 F. App'x at 491.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).